IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VEE'S MARKETING, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

OPINION AND ORDER

13-cv-481-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Vee's Marketing, Inc. is suing defendant United States of America for a refund of $40,000 in penalties defendant assessed and collected from plaintiff for failing to file a Form 8886 with respect to deductions it claimed for contributions it made to a welfare benefits plan for the years 2004 to 2007. Although a district court's jurisdiction over tax disputes is limited, 26 U.S.C. § 7422(a) and 26 U.S.C. § 6532 allow a taxpayer to seek a refund in federal court after the IRS has denied the claim or if the IRS has not acted on the claim within six months of the taxpayer's filing it. In this case, it is undisputed that plaintiff filed a claim with the IRS in April 2012 and that the IRS has not responded to plaintiff's claim, so jurisdiction is present.

Plaintiff has filed a motion for summary judgment, dkt. #20, and defendant has filed a motion for partial summary judgment, dkt. #25. Although the question whether plaintiff was required to file a Form 8886 requires analysis of several related statutes, regulations and

IRS publications, the parties' dispute in their motions focuses on the scope of notices issued by the Internal Revenue Service. In particular, the parties dispute whether a taxpayer is required to disclose its participation in a transaction described in IRS Notice 95-34. If plaintiff is correct that a taxpayer is not required to disclose that transaction, then it is entitled to judgment in its favor. If defendant is correct that plaintiff is required to disclose the transaction, then the case must proceed to trial to resolve the question whether plaintiff's contributions to the plan qualify as a transaction described in Notice 95-34. Because I agree with defendant that transactions described in Notice 95-34 must be disclosed in accordance with 26 C.F.R. § 1.6011(4), I am denying plaintiff's motion for summary judgment and granting defendant's motion for partial summary judgment.

OPINION

Under 26 U.S.C. § 6707A and 26 C.F.R. § 1.6011-4(a), a taxpayer must file a Form 8886 if it "participated" in a "listed transaction." "A listed transaction is a transaction that is the same as or substantially similar to one of the types of transactions that the Internal Revenue Service (IRS) has determined to be a tax avoidance transaction and identified by notice, regulation, or other form of published guidance as a listed transaction." 26 C.F.R. § 1.6011-4(b)(2). A taxpayer has "participated in a listed transaction"

> if the taxpayer's tax return reflects tax consequences or a tax strategy described in the published guidance that lists the transaction under paragraph (b)(2) of this section. A taxpayer also has participated in a listed transaction if the taxpayer knows or has reason to know that the taxpayer's tax benefits are derived directly or indirectly from tax consequences or a tax strategy described in published guidance that lists a transaction under paragraph (b)(2) of this

> section. Published guidance may identify other types or classes of persons that will be treated as participants in a listed transaction. Published guidance also may identify types or classes of persons that will not be treated as participants in a listed transaction.

26 C.F.R. § 1.6011-4(c)(3)(i)(A).

For the purpose of the parties' motions for summary judgment, the key disputes relate to the requirements in § 1.6011-4(c)(3)(i)(A) that the "published guidance" must (1) identify the arrangement at issue as a "tax avoidance transaction" and a "listed transaction" and (2) "describe" the "tax consequences or tax strategy" of the arrangement at issue. In particular, the parties dispute whether Notice 95-34 meets those requirements. That notice discusses "tax problems raised by certain trust arrangement[s] seeking to qualify for exemption from Section 419." Section 419 limits the amount that a taxpayer may deduct for contributions to a welfare benefits plan, but employers may receive an exemption under some circumstances if they are one of at least 10 employers that contribute to the same plan. 26 U.S.C. § 419A(f)(6). (Again, the parties have assumed for the purpose of summary judgment that plaintiff's tax deductions for contributions to its welfare benefits plan are encompassed by Notice 95-34.)

Defendant acknowledges that Notice 95-34 does not identify the conduct discussed in the notice as a "listed transaction" or a "tax avoidance transaction." In fact, defendant acknowledges that the IRS had not introduced the concept of "listed transactions" when it issued that notice. However, defendant points to Notice 2000-15, which includes Notice 95-34 in a list of "tax avoidance transactions [that] are identified as listed transactions":

> Transactions that are the same as or substantially similar to transactions

> described in the list below have been determined by the Internal Revenue Service to be tax avoidance transactions and are identified as "listed transactions" . . . . As a result, corporate taxpayers may need to disclose their participation in these listed transactions . . . .
>
> (2) Notice 95-34, 1995-1 C.B. 309 (certain trust arrangements purported to qualify as multiple employer welfare benefit funds exempt from the limits of §§ 419 and 419A of the Internal Revenue Code) . . . .

Further, defendant says that the "tax strategy" discussed in Notice 95-34 is the attempt to obtain a tax deduction and other benefits by joining a trust arrangement that purports to satisfy the requirements for the tax exemption in § 419A(f)(6) for plans with contributions from 10 or more employers:

> In recent years a number of promoters have offered trust arrangements that they claim satisfy the requirements for the 10-or-more-employer plan exemption and that are used to provide benefits such as life insurance, disability, and severance pay benefits. Promoters of these arrangements claim that all employer contributions are tax-deductible when paid, relying on the 10-or-more-employer exemption from the section 419 limits and on the fact that they have enrolled at least 10 employers in their multiple employer trusts.

The notice goes on to describe how the arrangements may work in practice and how the employer could benefit:

> These arrangements typically are invested in variable life or universal life insurance contracts on the lives of the covered employees, but require large employer contributions relative to the cost of the amount of term insurance that would be required to provide the death benefits under the arrangement. The trust owns the insurance contracts. The trust administrator may obtain the cash to pay benefits, other than death benefits, by such means as cashing in or withdrawing the cash value of the insurance policies. Although, in some plans, benefits may appear to be contingent on the occurrence of unanticipated future events, in reality, most participants and their beneficiaries will receive their benefits.
>
> The trusts often maintain separate accounting of the assets attributable to the contributions made by each subscribing employer. Benefits are sometimes

> related to the amounts allocated to the employees of the participant's employer. For example, severance and disability benefits may be subject to reduction if the assets derived from an employer's contributions are insufficient to fund all benefits promised to that employer's employees. In other cases, an employer's contributions are related to the claims experience of its employees. Thus, pursuant to formal or informal arrangements or practices, a particular employer's contributions or its employees' benefits may be determined in a way that insulates the employer to a significant extent from the experience of other subscribing employers.

With respect to employees, the notice states that "[t]he arrangements may actually be providing deferred compensation." Because deferred compensation can be included in the employee's income for tax purposes under 26 U.S.C. § 402(b) and contributions to benefits plans cannot be included, defendant says that deferred compensation is another "tax consequence" described in the notice.

In response, plaintiff makes a number of arguments: Notice 95-34 does not use the terms "tax strategy" or "tax consequences"; neither the notice nor the applicable regulations define those terms; because "tax strategy" and "tax consequences" are used separately in the same regulation, they must have distinct meanings; defendant did not disclose its argument regarding its understanding of the terms "tax strategy" and "tax consequences" during discovery; defendant's view of "tax strategy" includes conduct that is legal; and tax penalties should be construed in favor of the taxpayer. Despite all of these arguments, however, plaintiff does not respond directly to defendant's argument that Notice 95-34 describes a "tax strategy" and "tax consequences" under the ordinary meanings of those words. That is, Notice 95-34's description of contributing to a particular type of welfare benefits plan is a "tax strategy" because it is a way a taxpayer can obtain additional deductions and receiving

those deductions is a "tax consequence" because it is the result of the strategy.

Because I agree with defendant's argument that the terms "tax strategy" and "tax consequences" are easily understood according to their ordinary meaning and that, under that ordinary meaning, Notice 95-34 describes a tax strategy and tax consequences, plaintiff cannot support its position by citing canons of statutory construction for interpreting ambiguous terms. Plaintiff's other arguments have no bearing on the meaning of the terms "tax strategy" and "tax consequences" in § 1.6011-4.

Alternatively, plaintiff makes a half-hearted argument that 26 C.F.R. § 1.6011-4(c)(3)(i)(A) requires that the "tax strategy" be described in the same notice as the notice identifying the "listed transaction." Because the "tax strategy" is described in Notice 95-34 and the "listed transaction" is identified in Notice 2000-15, plaintiff says that the requirements of § 1.6011 are not satisfied. However, because the purpose of Notice 2000-15 is to identify "listed transactions," I agree with defendant that the citation and summary of Notice 95-34 in Notice 2000-15 are sufficient to incorporate by reference the earlier notice into the later one.

ORDER

IT IS ORDERED that Plaintiff Vee's Marketing, Inc.'s motion for summary judgment, dkt. #20, is DENIED and defendant United States of America's motion for partial summary judgment, dkt. #25, is GRANTED. The case will proceed to trial on the question whether plaintiff participated in a transaction that is the same as or substantially similar to one of the

types of transactions in Notice 95-34.

Entered this 10th day of October, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge